THORNAL, Associate Judge.
Appellant Green, who was defendant below, seeks reversal of a decree directing him to pay to appellee Galvin, as admin-istratrix, a sum of money representing the value of accrued annual leave earned by her decedent, lately an employee of the Florida Industrial Commission.
We must determine whether Article XVI, Section 11, Florida Constitution, F.S.A., precludes the State from paying to the estate of a deceased employee, the money equivalent of annual leave which had accrued at the time of the employee’s death.
The late Timothy F. Galvin was employed by the Unemployment Compensation Division of the Florida Industrial Commission from 1942 until the time of his death in 1957. It is admitted that at the time of his death Mr. Galvin had accumulated under applicable rules annual leave which when reduced to cash had a value of $1,-655.44. Appellee, as personal representative, demanded payment of the cash. When appellant refused, this suit was instituted to compel him to pay. The trial judge agreed with Mrs. Galvin and ordered the State Comptroller to pay the amount claimed. Reversal of this decree is now sought.
It is the principal contention of appellant that Article XVI, Section 11, Florida Constitution, prohibits the payment of this claim.
Appellee contends that there is nothing unconstitutional about her claim. On the contrary she asserts that it merely represents her right to recover a form of compensation due her deceased husband at the time of his death.
The Unemployment Compensation Division is established as a division of the Florida Industrial Commission by Section 443.11, Florida Statutes, F.S.A. Sections 443.12(1) and 443.12(4), Florida Statutes, F.S.A., authorize the Florida Industrial Commission to employ personnel and to “fix the compensation, and prescribe the duties and powers” of its employees. By this statute the employment, duties and salaries of employees of this state agency are fixed by the agency itself. We are not confronted by a situation in which the compensation of the staté employee is fixed by an appropriation bill. There is no contention here that the power to “fix compensation” does not include the power to promulgate regulations pertaining to annual leave and other emoluments of the employment. Admittedly, therefore, the compensation of employees such as Mr. Galvin was fixed by administrative regulation.
Regulations promulgated by the Industrial Commission permitted annual leave at the rate of twelve hours for each calendar month of service. Leave was allowed to accumulate provided that the maximum accumulation could not exceed 480 hours. The rule further provided that:
“An employee who has resigned or who has been laid off or dismissed shall be entitled to and shall receive all accrued annual leave computed on the same basis as employees remaining in the service * * * ”
Appellant does not undertake to analyze the regulations to demonstrate their inapplicability to the situation at hand. It is primarily his contention that the value of the accrued leave cannot be paid because of Article XVI, Section 11, Florida Constitution. The cited constitutional provision reads, in part, as follows:
“No extra compensation shall be made to any officer, agent, employee *189 or contractor after the service shall have been rendered, or the contract made; * * * ”
Appellant concedes that in the past when an employee resigned or was dismissed he was permitted to recover his accrued annual leave by the simple expedient of retaining him on the payroll (in name only) for a period equal to the accrued leave period and by paying him his salary for that period. It is contended that this stratagem legitimately circumvents the prohibitions of the quoted provision of the state constitution. It is asserted that inasmuch as Mr. Galvin died it is impossible to carry his name on the payroll; hence, it is impossible to give him or his estate the benefit of the policy established to protect those who resign or are dismissed. We might insert by way of interpolation that if the constitutional provision precludes payment to the estate of a deceased employee on the theory advanced by appellant, it would in similar fashion preclude payment to those who resign or are dismissed. Certainly a public official cannot do indirectly that which he is prohibited from doing directly. We think, however, that the appellant has been unnecessarily concerned over the constitutional provision involved.
Admittedly the Industrial Commission is authorized to fix the compensation of its employees. “Compensation” means that which is the equivalent of something else; it is recompense or remuneration for services as distinguished from a gift or gratuity.
The annual leave provisions which we have mentioned are merely a part of the “compensation” of employees fixed by the Industrial Commission. These rules became a part of the employment contract which the Commission was authorized to make. The right of annual leave and the accrual of leave within the limits of the rule, were as much a part of the employee’s compensation as was his stipulated monthly salary. When an employee is separated from the service, regardless of the cause, he is entitled to the money equivalent of his legitimately accrued leave as a part of the earned compensation due him. This is not “extra compensation” made after the services are rendered. It is compensation earned as the services were being rendered but not paid until severance of the employment contract.
In this view we think it unnecessary to dissect the quoted regulation of the Industrial Commission to determine its applicability to the instant situation. Under the rule the leave accrues up to a certain point. The leave is allowed as a part of the employee’s compensation. If he has earned it and has not received the money equivalent he is entitled to the latter when he severs his connection with the state, whether severance is the result of death or design.
The trial judge ruled correctly and his judgment is—
Affirmed.
WIGGINTON, C. J., and CARROLL, DONALD, J., concur.