QUESTIONS: 1. Does s. 119.07, F.S., require that the name and address of victims of sex crimes be readily available to the news media? 2. What steps may be legally taken to avoid such exposure?
SUMMARY: The name, address, and any other identifying information of the victim of any sexual offense contained within law enforcement records are confidential and are not subject to public disclosure in any manner under s. 119.07(1), F.S., as amended. Pursuant to s. 794.03, F.S. (1974 Supp.), the news media is prohibited from printing, publishing, or broadcasting any such information until it is by law made a part of an open, public record or is made public in an open judicial proceeding or public court record. Pursuant to s. 119.07(2)(b), F.S., the Legislature has decreed that all public records referred to in s. 794.03, F.S., are exempt from the inspection provisions of s. 119.07, F.S. Section 119.07 requires that all documents, papers, letters, maps, books, tapes, photographs, films, sound recordings, or other material made or received pursuant to law or in connection with the transaction of official business by any agency be open for inspection and examination by any person at reasonable times and under reasonable conditions. Section 794.03, F.S. (1974 Supp.), provides that: No person shall print, publish, or broadcast, or cause or allow to be printed, published, or broadcast, in any instrument [of] mass communication the name, address, or other identifying fact or information of the victim of any sexual offense within this chapter. A violation of the above is a misdemeanor of the second degree punishable by a fine not to exceed $500, imprisonment in county jail not exceeding 60 days, or both. This statute is presumptively valid and as such must be given full force and effect by this office unless and until decided otherwise by a court of competent jurisdiction. When s.119.07(2)(b), as amended in 1975, is read in pari materia with s.794.03, F.S. (1974 Supp.), it becomes apparent that all identifying information contained in any public record as defined by s. 119.011, F.S., such as the name, address, or other identifying fact or information concerning the victim of a sexual offense referred to in s. 794.03 is made "confidential by law" and, hence, is outside the purview of Florida's Public Records Law insofar as public inspection is concerned. A police chief who is the custodian of any such records containing such identifying information is obligated and charged with the duty by operation of law not to allow or permit public inspection or examination of such records. When construed together, these two laws impose an implied duty on the custodian of such records not to disclose that information which in legal effect is confidential and impliedly prohibits said custodian from so doing. Moreover, no law exists which expressly or impliedly authorizes the custodian to disclose such information by any means. Accord: State ex rel. Greenberg v. Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert. denied, 300 So.2d 628; AGO 075-161. The fact that the information might be disclosed orally as opposed to allowing inspection or examination of the records as hereinabove defined, regardless of physical form or characteristics, is of no import insofar as the prohibitions contained within ss. 119.07(2)(b) and 794.03, F.S., are concerned. To exempt oral communications from the purview of this prohibition would allow a circumvention and frustration of these provisions by indirect means. A public official cannot do indirectly that which he is prohibited from doing directly. Green v. Galvin, 114 So.2d 187 (1 D.C.A. Fla., 1959), cert. denied,116 So.2d 775 (Fla. 1959), appeal dismissed, 117 So.2d 844 (Fla. 1960). In so concluding, I have not overlooked the recent decision of Cox Broadcasting Corp. V. Cohn, 43 L.Ed.2d 328 (1975), in which the court held that the First and Fourteenth Amendments of the Constitution of the United States bar a state from extending a cause of action for damages for invasion of privacy grounded upon the publication of the name of a deceased rape victim which is obtained by a newsman from an open, public record or from a public judicial proceeding. The court specifically narrowed its holding to information obtained from the open public record and declined to decide the broader issue regarding information obtained from nonpublic records and/or private investigations. The court did not purport to prohibit publication of such when obtained through nonpublic channels. To the contrary, as stated by the court at 350: If there are privacy interests to be protected in judicial proceedings, the States must respond by means which avoid public documentation or other exposure of private information . . . . Prior to open public judicial proceedings, the name or other identifying information concerning victims of sexual assaults is not part of an open public record and may not be publicly disclosed in any manner by the custodian of such records. In the event such nonpublic information is obtained and printed, published, or broadcast prior to open, public judicial proceedings, the holding of Cox does not purport to prohibit the state from prosecuting those individuals who have violated s.794.03, F.S. (1974 Supp.), by publishing or broadcasting or causing to be published or broadcasted such identifying information. Cf. AGO 075-100, holding that the news media might be subject to punishment for contempt pursuant to s. 39.13, F.S., if the media disseminated the name, age, and address of a child under the jurisdiction of the court as a juvenile if the information was gained from privileged, confidential, or nonpublic records of said court.