Mr. Daniel S. McIntyre County Attorney St. Lucie County
QUESTION:
May a county use local government infrastructure surtax proceeds to service bonds which are refunding notes issued prior to approval of the surtax?
SUMMARY:
Local government infrastructure surtax proceeds may be used only to service new bond indebtedness and may not be used to service or refund indebtedness incurred prior to referendum approval of the surtax.
Section 212.055(2), F.S., authorizes the governing authority of each county to levy a discretionary sales surtax of 0.5 or 1 percent pursuant to an ordinance enacted by a majority of the members of the governing body and approved by a majority of the electors of the county voting in a referendum on the surtax. The proceeds of the surtax and any interest accrued thereon shall be used "to finance, plan, and construct infrastructure."[1]
Furthermore, s. 212.055(2)(e), F.S., restricts the use of the proceeds to "the purpose of servicing new bond indebtedness incurred pursuant to law." (e.s.)
Based upon this statutory language, this office has previously stated that surtax proceeds can be pledged only for the service of new debt. In AGO 88-59, this office concluded that the proceeds could not be used to refund or pay off a bond indebtedness which had been incurred prior to enactment of s. 212.055, F.S.[2]
In AGO 90-96, this office stated that a city which had incurred a debt after the effective date of s. 212.055, F.S., but before approval of the surtax in a referendum, could not use surtax proceeds to service the debt. After reviewing the legislative history of the passage of the statute, it was determined that surtax proceeds should not be used to service debt existing prior to referendum approval of the tax.
You state that St. Lucie County, on July 6, 1989, issued bond anticipation notes to fund the purchase or construction of additional court, jail, library and governmental office facilities within the county. These notes were issued with the intent that they would be retired by bonds approved at a future referendum for the infrastructure surtax. The surtax would be used to pay the principal and interest on the bonds.
While it is recognized that the city has issued notes, rather than bonds, to fund the construction of the county facilities, the purpose of s. 212.055, F.S., is to preclude the use of surtax proceeds to pay off debts incurred prior to approval of the surtax. Since the terms "note" and "bond" are not defined in s.212.055, F.S., the plain meaning of these terms must be used.[3]
"Bonds" and "notes" are both forms of debt.[4]
Thus, despite the characterization of the funding as a "note," it is a debt which would be subject to the limitations in s.212.055(2), F.S.
Based upon the analysis and conclusion in AGO 90-96, the surtax generated by s. 212.055(2), F.S., may not be used to refund or pay off an indebtedness which was incurred prior to referendum approval of the surtax. While the bonds which would be approved at the same referendum as the surtax would constitute a new indebtedness, they would be used to pay off the bond anticipation notes, an indebtedness which was incurred prior to approval of the surtax. It is well settled that a governmental entity may not do indirectly what it is prohibited from doing directly.[5]
The refinancing of a previously incurred debt by issuing new bonds to be serviced by surtax proceeds, would be an indirect method of using surtax proceeds to retire or refund the pre-existing debt.
Thus, the county may not use surtax proceeds to service refunding bonds used to extinguish a debt incurred prior to the referendum approval of the surtax.
[1] Section 212.055(2)(d)1., F.S. See, s.212.055(2)(d)2., F.S., defining "infrastructure," for purposes of this section, to mean "any fixed capital expenditure or fixed capital costs associated with the construction, reconstruction, or improvement of public facilities which have a life expectancy of 5 or more years and any land acquisition, land improvement, design, and engineering costs related thereto." See also, s.212.055(2)(d)1., F.S., providing that "[n]either the proceeds nor any interest accrued thereto shall be used for operational expenses of any infrastructure."
[2] It was noted in AGO 88-59 that charter counties contemplated in s. 125.011(1), F.S., could use the proceeds to retire or service indebtedness incurred for bonds issued prior to the effective date of the statute.
[3] See, Southeastern Fisheries Ass'n, Inc. v. Department of Natural Resources, 453 So.2d 1351 (Fla. 1984) (where a statute does not specifically define words of common usage, such words must be given their plain and ordinary meaning).
[4] "Bond" is defined as "[a] certificate or evidence of a debt on which the issuing company or governmental body promises to pay the bondholders a specified amount of interest for a specified length of time, and to repay the loan on the expiration date. "Black's Law Dictionary 161 (5th ed. 1979). "Note" is defined as "[a]n instrument containing an express and absolute promise of signer to pay to a specified person or order, or bearer, a definite sum of money at a specified time." Black's Law Dictionary 956 (5th ed. 1979).
[5] See, Green v. Galvin, 114 So.2d 187, 189 (1 D.C.A. Fla., 1959) (a public official cannot do indirectly that which he is prohibited from doing directly).