John M. Spottswood, Jr. Attorney for Board of Commissioners of Monroe County Housing Authority
QUESTION:
Is the Monroe County Housing Authority authorized by s. 421.05(1), F.S., to provide health insurance benefits to the Board of Commissioners of the authority?
SUMMARY:
Section 421.05(1), F.S., prohibits the Monroe County Housing Authority from providing health insurance benefits to the members of the Board of Commissioners of the authority.
Although your letter does not provide details of the creation of the Monroe County Housing Authority, you specifically refer to Ch.421, F.S., and I assume that the authority was created as set forth in that chapter.
Section 421.27(1), F.S., authorizes a county to create "a public body corporate and politic" to be known as the housing authority of that county. A county housing authority "shall have the same functions, rights, powers, duties, immunities and privileges provided for housing authorities created for cities . . . ."[1]
As an administrative agency, a county housing authority possesses no power not granted by statute, either expressly or by necessary implication, and any reasonable doubt as to the lawful existence of a particular power sought to be exercised must be resolved against the exercise thereof.[2] Implied powers accorded administrative agencies must be indispensable to powers expressly granted, that is, those powers which are necessarily or fairly or reasonably implied as an incident to those powers expressly granted.[3] Section 421.08, F.S., specifically addresses the scope of the powers of housing authorities under Ch. 421, F.S., by providing that such authorities "constitute a public body corporate and politic, exercising the public and essential governmental functions set forth in this chapter . . . ." (e.s.)[4] Thus, the Monroe County Housing Authority is limited to exercising those powers which are expressly or by necessary implication granted to housing authorities by Ch. 421, F.S., and cannot extend or expand its powers beyond the terms of these statutes.
Pursuant to s. 421.05(1), F.S., "[a] commissioner shall receive no compensation for his services, but he shall be entitled to the necessary expenses, including travel expenses, incurred in the discharge of his duties." You do not assert that health insurance benefits constitute "necessary expenses" to which a commissioner is otherwise entitled but request a determination of whether the authority may provide health insurance benefits to its board of commissioners. Thus, you have asked whether health insurance benefits are outside the scope of prohibited compensation and may be provided to members of the board of commissioners without violating s. 421.05(1), F.S.
Chapter 421, F.S., does not define the term "compensation," but commonly used words, when used in a statute, should be construed in their plain and ordinary sense.[5] "Compensation" is commonly understood to mean "payment, remuneration,"[6]
and "[s]omething given or received as an equivalent or as reparation for a loss, service, or debt[.]"[7] The term has been generally defined as "payment in money or other benefit which will compensate in the strict sense, that is, make even, or be measurably the equivalent of that for which it is given."[8]
With regard to judicial construction of the term, the court in Green v. Galvin, 114 So.2d 187 (1 D.C.A. Fla., 1959), considered a statute authorizing the Industrial Commission to fix the "compensation" of its employees. The court determined that "compensation" meant "that which is the equivalent of something else; it is recompense or remuneration for services as distinguished from a gift or gratuity."[9]
In AGO 71-121, a distinction was made between salaries and compensation and it was concluded that county officials whose salaries were fixed by Ch. 145, F.S., could not receive additional compensation except by general law. Based on this analysis, life, health and accident insurance premiums paid from county funds for the benefit of county officials were determined to be additional compensation which was prohibited.[10] Similarly, in AGO 89-18 this office stated that "all benefits which a county officer receives in exchange for performing official duties, un-less exempted by general law, are subject to the limitations on compensation[.]" The opinion concludes that the personal use of an official vehicle by a county officer would be compensation subject to the limitations prescribed by statute. By reading s. 421.05(1), F.S., with the authorities cited above, it appears that the prohibition against the payment of any compensation to a housing commissioner extends to benefits or other things of value beyond the scope of a salary,[11] including the payment of insurance premiums from public funds. Supporting this interpretation is the rule of construction applicable to statutes dealing with the compensation payable to public officials which requires that such statutes are to be strictly construed.[12]
Therefore, it is my opinion that the Monroe County Housing Authority is prohibited by s. 421.05(1), F.S., from providing health insurance benefits to the members of its Board of Commissioners.
[1] Section 421.27(2), F.S.
[2] See, State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974), cert.dismissed, 300 So.2d 900 (Fla. 1974); City of Cape Coral v. GAC Utilities, Inc., of Florida, 281 So.2d 493 (Fla. 1973).
[3] See generally, 1 Am.Jur.2d Administrative Lawand Procedure s. 33, p. 846. See, State v. Atlantic Coast Line R. Co., 47 So. 969, 974 (Fla. 1908); Keating v. State,167 So.2d 46, 51 (1 D.C.A. Fla., 1964); Gardinier, Inc. v. Florida Department of Pollution Control, 300 So.2d 75, 76 (1 D.C.A. Fla., 1974); St. Regis Paper Company v. State, 237 So.2d 797, 799 (1 D.C.A. Fla., 1970); and Williams v. Florida Real Estate Commission, 232 So.2d 239, 240 (4 D.C.A. Fla., 1970).
[4] See, e.g., AGO 86-13 (city housing authority not authorized to enforce county fair housing ordinance; city housing authority not authorized to enter into interlocal agreement with county providing for delegation of county's power to administer and enforce countywide fair housing ordinance in city and in unincorporated areas of county since authority to enforce such ordinance is not independently exercisable by city housing authority).
[5] See, Pedersen v. Green, 105 So.2d 1, 4 (Fla. 1958); and see, State v. Tunnicliffe, 124 So. 279, 281 (Fla. 1929), Gasson v. Gay, 49 So.2d 525, 526 (Fla. 1950), State v. Egan, 287 So.2d 1, 4 (Fla. 1973). Compare, s. 287.055(2)(d), F.S., which defines "[c]ompensation" for purposes of the Consultants' Competitive Negotiation Act as the total amount paid by an agency for professional services; and s. 440.02(6), F.S., defining "[c]ompensation" for purposes of the Workers' Compensation Law as the money allowance payable to an employee or to his dependents as provided for therein.
[6] Webster's New Collegiate Dictionary 229 (1975); Webster's Third New International Dictionary 463 (unabridged ed. 1981).
[7] American Heritage Dictionary of the English Language 271 (1979).
[8] See, 15A C.J.S. Compensation p. 102 (1967).
[9] 114 So.2d at 189.
[10] And see, AGO 71-157 supplementing AGO 71-121. However, it should be noted that, subsequent to the issuance of these opinions, the Legislature amended Ch. 145, F.S., to provide that the payment of insurance for county officials and employees would not be compensation within the contemplation of this chapter.
[11] See, 77 C.J.S. Salary p. 556 (1952), stating that the term "salary" is synonymous with wages, i.e., "a sum of money periodically paid for services rendered . . . ."
[12] See, e.g., Gavagan v. Marshall, 33 So.2d 862
(Fla. 1948); State ex rel. May v. Fussell, 24 So.2d 804 (Fla. 1946); Pridgeon v. Folsom, 181 So.2d 222 (1 D.C.A. Fla., 1965).And see, 67 C.J.S. Officers s. 226, providing that statutes relating to the compensation of public officers or employees must be strictly construed in favor of the government, and such officers or employees are entitled only to that which is clearly given. Cf., AGO 86-12 (based on a strict construction of s. 121.54, F.S., providing a $50 honorarium "for each day spent on the work of the commission," the payment should be made for the days actually spent conduction meetings and hearings of the state retirement commission and should not include days spent in preparation for commission hearings).