PER CURIAM.
The petitioner “Y” Person seeks a writ of certiorari quashing a nonfinal order of the trial court compelling “Y” Person to submit to a physical and mental examination to determine the extent and nature of the manifestations of human immune deficiency virus (HIV). We grant the petition and quash the trial court’s order.
“X” Corporation sued for a declaration[1] of its rights under section 760.50, Florida Statutes (1989), and section 381.609, Florida Statutes (Supp.1990), which assure fair treatment in the workplace and voluntary and confidential testing to people with HIV *1220 infection. Section 760.50, prohibits an employer from discharging an employee in the knowledge or belief that the employee has tested positive for HIY unless the absence of HIV infection is a bona fide occupational qualification of the job in question. § 760.-50, Fla.Stat. (1989).
The complaint alleged that “Y” Person is employed by “X” corporation and has tested positive for HIV. The complaint further alleged that “Y” Person indicated that he knows he is dying and has threatened to bite or kiss other employees. In addition to a declaration of its rights under section 760.50, Florida Statutes, “X” Corporation asked for supplemental relief under subsection 86.011(2), compelling “Y” Person to submit to acquired immune deficiency syndrome (AIDS) testing. Thus “Y” Person was ordered to submit to mental and physical examination before trial to determine the manifestations of “Y” Person’s HIV infection, including dementia and organic brain syndrome. The order adopts the stipulations of counsel that “Y” Person is HIV positive and has furnished medical records to “X” Corporation confirming the infection.
After further proceedings, however, the trial court dismissed the complaint for declaratory action as it pertained to “Y” Person’s employment qualifications.[2] Notwithstanding the dismissal of the main action, the trial court left standing the order of supplemental relief compelling “Y” Person to undergo testing. “Y” Person now seeks a writ of certiorari to quash this order.
“X” Corporation’s entitlement to supplemental relief is derived from the declaratory judgment action that was dismissed. Statutory authority for supplemental relief arises from the prosecution of the declaratory judgment action. § 86.011(2), Fla. Stat. (1989). Therefore, the dismissal of the action divested “X” Corporation of the right to supplemental relief. Moreover the order granting the relief expressly relied upon the allegations of the declaratory judgment action. The trial court cited no further basis for the order after the dismissal of the main action. We therefore find a departure from the essential requirements of law, see Jones v. State, 477 So.2d 566, 569 (Fla.1985), and quash the order compelling “Y” Person to undergo physical and mental examination.
Writ granted and order quashed.
SCHOONOVER, A.C.J., and THREADGILL and BLUE, JJ., concur.

. Ch. 86, Fla.Stat. (1989). Declaratory Judgments.

. "X” Corporation's action for declaratory judgment contained two counts. The remaining count is an action for declaratory judgment as to whether "X” Corporation’s insurance plan discriminates against "Y" Person by reducing "Y” Person’s health benefits and delaying payment of claims.