Ms. Lois C. Barrett, Chairman Hospital Board of Directors of Lee County Post Office Box 2218 Fort Myers, Florida 33902
Dear Ms. Barrett:
You ask substantially the following question:
Does section 617.0505, Florida Statutes, preclude a member of a nonprofit corporation from receiving excess profits from the corporation when the bylaws provide for such distribution?
In sum:
Section 617.0505, Florida Statutes, allows payment of compensation in reasonable amounts to the members of a nonprofit corporation and, upon dissolution or final liquidation, authorizes distributions to its members, but prohibits the payment of any part of the income or profit of the corporation to the corporation's members, directors, or officers.
You state that the Hospital Board of Directors of Lee County, known as the Lee Memorial Health System (Lee Memorial), is a county hospital organized under Chapter 155, Florida Statutes. Community Healthcare, Incorporated, doing business as NCH Healthcare System, is a Florida not-for-profit corporation. These two entities formed and are the sole members of a nonprofit corporation, Bonita Community Health Center, Incorporated (Bonita). You indicate that the Articles of Incorporation for Bonita state that it is organized solely for general charitable purposes "to operate for the advancement of healthcare and other charitable purposes, and to operate outpatient clinics and other facilities and to carry on any lawful business related to the same."
Section 3(d) of Bonita's bylaws provides that, unless designated by a unanimous resolution of its members, Bonita will not retain revenues in excess of those required to meet the annual operating budget adopted by the board of directors for the fiscal year. The subsection specifically states that "excess revenues are to be distributed proportionately to the members based on their contributions to the capital of the corporation, for the benefit of each member's mission to enhance healthcare services in the communities they serve."
You question whether excess revenues may be distributed to Lee Memorial, in light of section 617.0505(1), Florida Statutes. Section 617.0505(1), Florida Statutes, states:
"A dividend may not be paid, and any part of the income or profitof a corporation may not be distributed, to its members, directors, or officers. A corporation may pay compensation in a reasonable amount to its members, directors, or officers for services rendered, may confer benefits upon its members in conformity with its purposes, and, upon dissolution or final liquidation, may make distributions to its members as permitted by this act. If expressly permitted by its articles of incorporation, a corporation may make distributions upon partial liquidation to its members, as permitted by this section. Any such payment, benefit, or distribution does not constitute a dividend or a distribution of income or profit for purposes of this section. . . ." (emphasis supplied)
The plain language of the statute prohibits the payment of any part of the income or profits of a nonprofit corporation to its members, directors, or officers. While section 617.0505(1), Florida Statutes, recognizes that distributions may be made to members upon dissolution or final liquidation and, if expressly specified in the Articles of Incorporation, upon partial liquidation, it states that such a distribution or payment does not constitute a dividend or a distribution of income or profit. Further, section 617.0206, Florida Statutes, states that a nonprofit corporation's bylaws "may contain any provision for the regulation and management of the affairs of the corporation notinconsistent with law or the articles of incorporation." (emphasis supplied)
Where the Legislature has expressly prohibited a certain act, an individual or entity may not contrive an indirect method to accomplish that which has been proscribed.[1] Moreover, where the manner of doing a thing has been legislatively prescribed, there is an implicit prohibition against its being done any other way.[2]
You point to section 617.1406(3)(c), Florida Statutes, allowing the distribution of funds upon the dissolution of a nonprofit corporation to other nonprofit entities engaged in activities substantially similar to those of the dissolving corporation, to assert that it would be unreasonable and inconsistent to deny a family of nonprofit corporations the ability to transfer funds among themselves during their normal operations. The rationale for allowing the distribution of funds upon dissolution of a nonprofit corporation would appear to be to facilitate the continued work or purpose similar to that of the dissolving corporation.[3] The Legislature, however, has not chosen to extend this authority to a viable, ongoing nonprofit entity. Until the Legislature makes it clear that a viable nonprofit corporation may dispense its revenues to like-minded nonprofit entities, this office may not read such authority into the existing statutes.
You also highlight the authority of a nonprofit corporation to "confer benefits upon its members in conformity with its purposes," contained in section 617.0505, Florida Statutes, to assert that distributing excess profits to a member nonprofit corporation also engaged in charitable activities would fulfill Bonita's charitable purpose. It is contrary to the existing provisions in Chapter 617, Florida Statutes, to conclude that the authority to confer benefits on a member of a nonprofit corporation alters the prohibition against distributing revenues to a member, director, or officer. These two provisions exist in the same statute and, therefore, must be construed together. Thus, while the statute permits Bonita to confer benefits upon its members, it does not include distribution of excess profits.
Accordingly, it is my opinion that section 617.0505(1), Florida Statutes, precludes a member of a nonprofit corporation from receiving excess profits from the corporation, even though the bylaws provide for such distribution.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, Green v. Galvin, 114 So.2d 187 (Fla. 1st DCA 1959),cert. denied, 116 So.2d 775 (Fla. 1959), appeal dismissed,117 So.2d 844 (Fla. 1960) (public officials cannot do indirectly that which they are prohibited from doing directly); Ops. Att'y Gen. Fla. 81-98 (1981), 78-76 (1978) and 75-203 (1975).
[2] See, e.g., Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944) (when the controlling law directs how a thing shall be done that is, in effect, a prohibition against its being done in any other way); Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).
[3] See, s. 617.1406(3)(c), Fla. Stat., stating that a plan of distribution of assets must provide that:
"Assets received and held by the corporation subject to limitations permitting their use only for charitable, religious, eleemosynary, benevolent, educational, or similar purposes, but not held upon a condition requiring return, transfer, or conveyance by reason of the dissolution, be transferred or conveyed to one or more domestic or foreign corporations, trusts, societies, or organizations engaged in activities substantially similar to those of the dissolving corporation as provided in the plan of distribution of assets[.]"