Mr. Steven A. Ramunni Glades County Attorney Heritage Square 1422 Hendry Street, Suite 302 Fort Myers, Florida 33901
Dear Mr. Ramunni:
On behalf of Glades County you ask substantially the following question:
Must the Glades Correctional Development Corporation, a nonprofit corporation created by the county, comply with the competitive bidding and negotiation requirements of Florida law for the construction of a county jail?
In sum:
The Glades Correctional Development Corporation, acting as an instrumentality of the county, must comply with the competitive bidding and negotiation requirements of Florida law for construction of a county jail.
The Glades Correctional Development Corporation (GCDC) was created by the Glades County Commission as a nonprofit corporation for the purpose of owning and operating a detention facility in Glades County.[1] The facility will house federal inmates and persons detained by the Immigration and Naturalization Service, as well as detainees awaiting trial for offenses committed in Glades County. The Glades County Sheriff's Office will have its administrative offices on site and will manage and operate the facility. Financing for the acquisition of real property and construction of the project will be through the issuance of revenue bonds. Monies payable to GCDC for housing federal inmates will supplement the sheriff's budget, with excess revenue paid to Glades County.
The original board of the GCDC consisted of the Glades County Board of County Commissioners. These members subsequently were replaced by an appointed board consisting of one county commissioner and two private citizens. You indicate that the developers of the project have selected bond counsel, an underwriter and a design-build team. You question, however, whether the project is subject to the competitive bidding requirements of sections 255.20 and 287.055, Florida Statutes.
Section 255.20, Florida Statutes, requires a county seeking to construct or improve a public building to competitively award to an appropriately licensed contractor each project that is estimated to have total construction project costs of more than $200,000. For electrical work, local governments must competitively bid each project that exceeds $50,000. The provisions of the chapter do not apply under specified conditions that are not applicable to the situation at hand. If the project is to be awarded based on price, it must be awarded to the lowest qualified and responsive bidder in accordance with the applicable county ordinance.
Section 287.055, Florida Statutes, the Consultants' Competitive Negotiation Act, sets forth requirements for the procurement and contracting of professional architectural, engineering, landscape architectural, or land surveying services by governmental agencies.[2]
For purposes of the act, "[a]gency" is defined as "the state, a state agency, a municipality, a political subdivision, a school district or school board."[3] Clearly, a county is a political subdivision of the state.[4] (e.s.)
The county is responsible for providing county buildings, such as the county jail.[5] Moreover, it is a well-established principle that public officials and entities cannot do indirectly that which they are prohibited from doing directly.[6] In this instance, the county has delegated its authority to build a jail to the GCDC. The county's responsibility to follow competitive bid and negotiation requirements may not be circumscribed by the creation of a nonprofit corporation, such as the GCDC, for the construction of a county jail.[7]
Accordingly, it is my opinion that the Glades Correctional Development Corporation is subject to the competitive bid and negotiation requirements of Florida law for construction of a county jail.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] You have advised this office in subsequent communications that the GCDC was created by the Glades County Commission.
[2] See, s. 287.055(2)(a), Fla. Stat., defining "[p]rofessional services."
[3] Section 287.055(2)(b), Fla. Stat.
[4] See, s. 1.01(8), Fla. Stat., providing that in construing the Florida Statutes, the word "political subdivision" includes counties.
[5] See, s. 125.01(1)(c), Fla. Stat., recognizing the county's authority to "[p]rovide and maintain county buildings." See, also, Ops. Att'y Gen. Fla. 91-25 (1991) (statutes contemplate that county will provide a jail or detention facility within the county); 79-49 (1979) (sheriff responsible for equipping county jail and repairing, maintaining, and replacing equipment necessary for its proper and efficient operation; repairs, construction or capital improvements to county building housing jail remain responsibility of county).
[6] See, Green v. Galvin, 114 So.2d 187 (Fla. 1st DCA 1959), cert.denied, 116 So.2d 775 (Fla. 1959), appeal dismissed, 117 So.2d 844 (Fla. 1960); Ops. Att'y Gen. Fla. 78-76 (1978) and 75-203 (1975).
[7] Cf., Op. Att'y Gen. Fla. 94-34 (1994) (nonprofit corporation created by a county to assist in the financing and administration of governmental programs was subject to the Public Records Law and the Government in the Sunshine Law.)