Mr. Joseph G. Jarret Polk County Attorney Drawer AT01, Post Office Box 9005 Bartow, Florida 33831-9005
Dear Mr. Jarret:
As county attorney for Polk County you have requested my opinion on substantially the following questions:
1. Can the voter-approved indigent care surtax provided for in section212.055(7), Florida Statutes, and levied by Polk County in 2004 be used to pay Polk County's mandatory Medicaid contributions set out in section409.915, Florida Statutes, which requires the county to pay the cost of certain hospital stays and portions of nursing home costs for Medicaid eligible patients?
2. Can the voter-approved indigent care surtax provided for in section212.055(7), Florida Statutes, and levied by Polk County in 2004 be used to pay the costs incurred by the Polk County Sheriff's Office in providing health care services and needed medical care to jail inmates?
Question One
Section 212.055, Florida Statutes, authorizes counties and school boards to impose and collect discretionary sales surtaxes under legislatively prescribed conditions. As required by the Legislature "[e]ach enactment shall specify the types of counties authorized to levy; the rate or rates which may be imposed; the maximum length of time the surtax may be imposed, if any; the procedure which must be followed to secure voter approval, if required; the purpose for which the proceeds may be expended; and such other requirements as the Legislature may provide."[1]
Section 212.055(7), Florida Statutes, specifically provides for a voter-approved indigent care surtax. According to the statute:
"(a) The governing body in each county that has a population of less than 800,000 residents may levy an indigent care surtax pursuant to an ordinance conditioned to take effect only upon approval by a majority vote of the electors of the county voting in a referendum. The surtax may be levied at a rate not to exceed 0.5 percent, except that if a publicly supported medical school is located in the county, the rate shall not exceed 1 percent."
Polk County adopted Ordinance 03-89, the Polk County Indigent Health Care Ordinance including the Polk County Health Care Plan, in December 2003. Subsequent to adoption of the ordinance, the voters of Polk County approved by referendum the levy and collection of an indigent care surtax of one-half cent.
Pursuant to section 212.055(7)(c), Florida Statutes, "[t]he ordinance adopted by the governing body providing for the imposition of the surtax must set forth a plan for providing health care services to qualifiedresidents, as defined in paragraph (d)." (e.s.) The statute requires that the plan, and subsequent amendments to it,
"shall fund a broad range of health care services for indigent persons and the medically poor, including, but not limited to, primary care and preventive care, as well as hospital care. It shall emphasize a continuity of care in the most cost-effective setting, taking into consideration a high quality of care and geographic access. Where consistent with these objectives, it shall include, without limitation, services rendered by physicians, clinics, community hospitals, mental health centers, and alternative delivery sites, as well as at least one regional referral hospital where appropriate. It shall provide that agreements negotiated between the county and providers shall include reimbursement methodologies that take into account the cost of services rendered to eligible patients, recognize hospitals that render a disproportionate share of indigent care, provide other incentives to promote the delivery of charity care, and require cost containment, including, but not limited to, case management. The plan must also include innovative health care programs that provide cost-effective alternatives to traditional methods of service delivery and funding."
For purposes of this section, "qualified residents" are residents of the county who meet certain requirements.[2] "Qualified residents" must be certified by the authorizing county as medically poor. The statute contains specific language defining the medically poor for certification purposes:
"[P]ersons having insufficient income, resources, and assets to provide the needed medical care without using resources required to meet basic needs for shelter, food, clothing, and personal expenses; not beingeligible for any other state or federal program or having medical needsthat are not covered by any such program; or having insufficient third-party insurance coverage."[3] (e.s.)
You have asked whether the voter-approved indigent care surtax may be used to pay Polk County's mandatory Medicaid contributions pursuant to section 409.915, Florida Statutes.[4] Medicaid is a program that pays for medical assistance for qualifying individuals and families with low incomes and resources. The program became law in 1965 and is funded by both the states and the federal government and assists states in providing medical long-term care assistance to those who meet the eligibility criteria.[5]
Section 212.055(7)(d)2., Florida Statutes, states that a qualified resident who may be entitled to take advantage of the health care services provided with these funds may not be "eligible for any other state or federal program," i.e., the Medicaid program, or must have medical needs that are not otherwise covered by such programs. Thus, a Polk County resident who is eligible for Medicaid is not a "qualified resident" for purposes of expenditure of these funds unless the individual has medical needs not covered by the Medicaid program. Therefore, it is my opinion that the county could not bypass this statutory limitation by using these funds to pay the county's mandatory Medicaid contribution set forth in section 409.915, Florida Statutes.[6]
Question Two
You have also asked whether the voter-approved indigent care surtax may be used to pay for health care services and needed medical care for prisoners in county detention facilities.
The Florida Statutes make provision for financial responsibility for medical expenses incurred by county prisoners. These provisions are consistent with the proposition that providing services to those who are housed in the state's prisons should not come solely at the expense of taxpayers when the occupants themselves possess resources to cover such costs.[7]
Section 951.032(1), Florida Statutes, allows a county detention facility to recoup certain medical expenses from prisoners. Under this formula, reimbursement may be sought as follows:
"(a) From the prisoner or person receiving medical care, treatment, hospitalization, or transportation by deducting the cost from the prisoner's cash account on deposit with the detention facility. If the prisoner's cash account does not contain sufficient funds to cover medical care, treatment, hospitalization, or transportation, then the detention facility may place a lien against the prisoner's cash account or other personal property, to provide payment in the event sufficient funds become available at a later time. Any existing lien may be carried over to future incarceration of the same prisoner as long as the future incarceration takes place within the county originating the lien and the future incarceration takes place within 3 years of the date the lien was placed against the prisoner's account or other personal property. (b) From an insurance company, health care corporation, or other source if the prisoner or person is covered by an insurance policy or subscribes to a health care corporation or other source for those expenses."
Any prisoner who receives medical care, treatment, hospitalization, or transportation is required to cooperate with the county detention facility in seeking reimbursement for these expenses incurred on behalf of the prisoner. Section 951.032(2), Florida Statutes, authorizes the placement of a lien against a prisoner who willfully refuses to assist in reimbursement efforts by the detention facility. The prisoner's cash account or other personal property may be the subject of such a lien and the prisoner may also be denied gain-time.
However, to the extent that the resources described in 951.032, Florida Statutes, are not sufficient to fully reimburse a county detention facility for expenses incurred for providing medical care, treatment, hospitalization, or transportation to a county prisoner, the county itself is the liable party responsible for the medical care of a detained prisoner.[8] I am not aware of, and you have not brought to my attention, any prohibition against using voter-approved indigent care surtax moneys to pay for health care for indigent prisoners who satisfy the definition of a "qualified resident" pursuant to section 212.055(7)(d), Florida Statutes. Rather, the use of the permissive term "may" in section951.032(1), Florida Statutes, appears to reflect a legislative recognition that the resources listed in the statute could require supplementation from other sources such as the indigent care surtax.[9]
Thus, it is my opinion that Polk County may use voter-approved indigent care surtax moneys to pay for health care services provided to jail inmates if the statutorily prescribed sources for reimbursement described above are insufficient and if the county prisoner is a "qualified resident" pursuant to section 212.055(7)(d), Florida Statutes.
Sincerely,
Charlie Crist Attorney General
CC/tgh
[1] Section 212.055, Fla. Stat.
[2] See s. 212.055(7)(d), Fla. Stat., setting forth the requirements for "qualified residents" for purposes of subsection (7).
[3] Section 212.055(7)(d)2., Fla. Stat.
[4] Section 409.915, Fla. Stat., prescribes county contributions to Medicaid and authorizes the state to charge the counties for certain items of care and service.
[5] See "Welcome to Medicaid," at www.cms.hhs.gov/medicaid.
[6] See Green v. Galvin, 114 So.2d 187 (1 DCA Fla. 1959), cert.den., 116 So.2d 775 (Fla. 1959), appeal dismissed, 117 So.2d 844
(Fla. 1960), for the proposition that a public official cannot do indirectly that which he is prohibited from doing directly.
[7] See Williams v. Ergle, 698 So.2d 1294, 1295 (Fla. 5th DCA 1997), and citations therein.
[8] See Department of Health and Rehabilitative Services v. Myers,696 So.2d 863 (Fla. 4th DCA 1997).
[9] See Fixel v. Clevenger, 285 So.2d 687 (Fla. 3rd DCA 1973); City ofMiami v. Save Brickell Avenue, Inc., 426 So.2d 1100 (Fla. 3rd DCA Fla., 1983) (word "may" when given its ordinary meaning denotes permissive term rather than mandatory connotation of work "shall"); compare, s. 901.35, Fla. Stat., delineating responsibility for payment of expenses for the medical care, treatment, hospitalization, and transportation of persons injured during or at the time of arrest and providing that a health care provider "shall seek reimbursement for the expenses incurred in providing medical care" for certain prisoners injured at the time of arrest. (e.s.)