Mr. Johnny Brown Miami-Dade County School Board Attorney School Board Administration Building 1450 Northeast 2nd Avenue, Suite 400 Miami, Florida 33132
Dear Mr. Brown:
On behalf of the Superintendent of Miami-Dade Public Schools, you request the opinion of this office on the following questions:
1. May a school board condemn property by eminent domain pursuant to section 1013.24, Florida Statutes, and retain less than fee simple ownership when a municipality has agreed to pay the costs of acquiring the property?
2. Does section 1013.28, Florida Statutes, control the disposition of such property when fee simple title is conveyed to the municipality and the school board obtains a leasehold interest?
The City of Sunny Isles, located in northeast Miami-Dade County, wishes to obtain land for a kindergarten-through-eighth-grade school within its boundaries.[1] Efforts to purchase appropriate property have been unsuccessful and the city has conceded that its authority to obtain property through eminent domain is limited to the establishment of a charter school.[2] The city wishes to have a public school and is in the process of negotiating an interlocal agreement with the school board to exercise the board's power of eminent domain to secure property for an educational facility on behalf of the city. Under the proposed agreement, the city would reimburse the school board for the cost of the property and all costs associated with the taking. The city would take fee simple title, with the school board having a leasehold interest.
Question One
Section 1013.24, Florida Statutes, provides:
"There is conferred upon the district school boards in the state the authority and right to take private property for any public school purpose or use when, in the opinion of the school board, such property is needed in the operation of any or all of the public schools within the district, including property needed for any school purpose or use in any school district or districts within the county. The absolute fee simple title to all property so taken and acquired shall vest in the district school board, unless the school board seeks to appropriate a particular right or estate in such property."
Thus, district school boards do have the right of eminent domain for any public school purpose. The plain language of the statute contemplates that a school board will take fee simple title to all property taken, "unless the school board seeks to appropriate a particular right or estate in such property." Such language does not contemplate that the school board may acquire fee simple title to all of the property taken, then divest itself of the portion of the property or an interest in the property that it does not need for educational purposes. Rather, the Legislature has provided a means whereby the school board may obtain the interest it needs for educational purposes through a taking by eminent domain, and it may not use such power to procure the fee simple title for another entity.[3]
Where the Legislature has prescribed the manner in which a thing is to be done, it operates as a prohibition against its being done in any other manner.[4]
Accordingly, it is my opinion that the school board may not use its eminent domain power to obtain fee simple title to property in order to transfer such property to the city.
Question Two
In light of the conclusion in Question One, a response to Question Two is not necessary. However, I would note that there is no other mechanism prescribed for disposing of real property by the school board other than section 1013.28(1), Florida Statutes, which provides:
"Subject to rules of the State Board of Education, a board may dispose of any land or real property that is, by resolution of the board, determined to be unnecessary for educational purposes as recommended in an educational plant survey. A board shall take diligent measures to dispose of educational property only in the best interests of the public. However, appraisals may be obtained by the board prior to or simultaneously with the receipt of bids."
In this instance, the school board would be exercising its eminent domain power to take real property for an educational purpose. Once this has been accomplished, the only manner available for disposing of the board's fee simple title to said property is to make the determination that the property is no longer necessary for educational purposes, as has been recommended in an educational plant survey. It would appear that an attempt to dispose of a fee simple ownership under section 1013.28(1), Florida Statutes, while retaining or contracting for a leasehold interest in the property for educational purposes would not be authorized under state law. To legally undertake this type of transaction, a change in state law would be required.
Sincerely,
Charlie Crist Attorney General
CC/tls
[1] The City of Sunny Isles joins in the request.
[2] Section 1002.33(3), Florida Statutes, recognizes the authority of a municipality to apply for a charter school.
[3] See Green v. Galvin, 114 So.2d 187 (Fla. 1st DCA 1959), cert. denied, 116 So.2d 775 (Fla. 1959), appeal dismissed, 117 So.2d 844 (Fla. 1960) (public officials cannot do indirectly that which they are prohibited from doing directly); Ops. Att'y Gen. Fla. 81-98 (1981), 78-76 (1978) and 75-203 (1975).
[4] See, e.g., Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944) (when the controlling law directs how a thing shall be done that is, in effect, a prohibition against its being done in any other way); Thayerv. State, 335 So.2d 815, 817 (Fla. 1976).