Dear Ms. Downs:
You ask on behalf of the Orlando City Council and the city Human Resources Division Manager who has been delegated the authority to process requests for the distribution of leave balances for this office's opinion on substantially the following question:
Do payments for accrued sick or annual leave constitute "wages" such that payments for such leave may be made to the relatives set forth in section 222.15(1), Florida Statutes, upon the employee's death?
In sum:
Payments for accrued sick or annual leave constitute "wages" for purposes of section 222.15(1), Florida Statutes, such that payments for such leave may be made to the relatives set forth in that statute, upon the employee's death. In addition, a municipality is authorized to adopt a program for the payment of the accrued annual and sick leave to the beneficiaries of a municipal employee upon the death of the employee in exercising its home rule powers to establish the compensation for municipal employees.
Section 222.15(1), Florida Statutes, provides:
"It is lawful for any employer, in case of the death of an employee, to pay to the wife or husband, and in case there is no wife or husband, then to the child or children, provided the child or children are over the age of 18 years, and in case there is no child or children, then to the father or mother, any wages or travel expenses that may be due such employee at the time of his or her death."[1]
Although the statute has been in existence in some form since 1917, [2]
it does not appear that the statute has been the subject of interpretation by the appellate courts of this state.
The term "wages" is not defined in the statute. In the absence of a statutory definition, words of common usage are construed in their plain and ordinary sense and, if necessary, the plain and ordinary meaning of the word can be ascertained by reference to a dictionary.[3] Black's Law Dictionary defines "wage" as
"Payment for labor or services, usu. based on time worked or quantity produced; specif., compensation of an employee based on time worked or output of production. Wages include every form of remuneration payable for a given period to an individual for personal services, including salaries, commissions, vacation pay, bonuses. . . ."[4]
This office has generally considered the term "compensation" or "wages" to include the payment of sick or annual leave.[5] For example, in Attorney General Opinion 91-37, this office stated that an employee who had accrued sick leave during his employment and had been compensated for such services including his accrued sick leave to the extent permitted by city policy, received the agreed upon wage for services rendered; however, to the extent that the city sought to subsequently authorize an additional payment by the city over and above that permitted under the city's existing program, such payment would constitute extra compensation contrary to section 215.425, Florida Statutes
The First District Court of Appeal in Green v. Galvin[6] considered a statute authorizing the Industrial Commission to fix the "compensation" of its employees. The court determined that "compensation" meant "that which is the equivalent of something else; it is recompense or remuneration for services as distinguished from a gift or gratuity" and thus concluded that accrued leave was part of the employee's compensation:
"The leave is allowed as a part of the employee's compensation. If he has earned it and has not received the money equivalent he is entitled to the latter when he severs his connection with the state, whether severance is the result of death or design."[7]
Thus, in light of the above, I am of the opinion that payments for accrued sick or annual leave constitute "wages" for purposes of section222.15(1), Florida Statutes, such that payments for such leave may be made to the relatives set forth in that statute, upon the employee's death.
I would note, however, that municipalities possess broad home rule powers under the Constitution and general law.[8] Under such powers, municipalities have the authority to adopt provisions regarding the payment of personal and sick leave. This office has no information regarding the provisions adopted by the City of Orlando. The issue of the payment of such leave frequently arises in light of the provisions of section 215.245, Florida Statutes, which prohibits the payment of extra compensation over and above that fixed by contract or law when the services are rendered.[9] However, in light of the home rule powers possessed by Florida municipalities, the city would appear to have the authority to adopt a program for payment of the accrued annual and sick leave to the beneficiaries of a municipal employee upon the death of the employee under its general authority to establish the compensation for municipal employees.
Accordingly, I am of the opinion that payments for accrued sick or annual leave constitute "wages" for purposes of section 222.15(1), Florida Statutes, such that payments for such leave may be made to the relatives set forth in that statute, upon the employee's death. In addition, a municipality is authorized to adopt a program for the payment of the accrued annual and sick leave to the beneficiaries of a municipal employee upon the death of the employee in exercising its home rule powers to establish the compensation for municipal employees.
Sincerely,
 Bill McCollum Attorney General
BM/tjw
[1] Section 222.16, Florida Statutes, provides that "[a]ny wages, travel expenses, or unemployment compensation payments so paid under the authority of s. 222.15 shall not be considered as assets of the estate and subject to administration; provided, however, that the travel expenses so exempted from administration shall not exceed the sum of $300." You have not asked, and no comment is expressed herein, on the provisions of this statute.
[2] See s. 1, Ch. 7366, 1917 Laws of Fla., which stated:
"That it shall be lawful for any employer, in case of the death of an employe [sic], to pay to the wife or husband, and in case there is no wife or husband, then to the child or children, provided the child or children be over the age of eighteen years, and in case there is no child or children, then to the father or mother, any wages that may be due said employe [sic] at the time of his death."
[3] See Sieniarecki v. State, 756 So. 2d 68 (Fla. 2000); Rollins v.Pizzarelli, 761 So. 2d 294 (Fla. 2000); Frankenmuth Mutual InsuranceCompany v. Magaha, 769 So. 2d 1012 (Fla. 2000) (in ascertaining the plain and ordinary meaning of a term, a court may refer to a dictionary); Ops. Att'y Gen. Fla. 93-47 (1993) (in construing statute which is clear and unambiguous, the plain meaning of statute must first be considered); 93-02 (1993) (since it is presumed that the Legislature knows the meaning of the words it uses and to convey its intent by the use of specific terms, courts must apply the plain meaning of those words if they are unambiguous).
[4] Black's Law Dictionary Wage p. 1610 (8th ed. 2004). And see
Webster's Third New International Dictionary Wage p. 2568 (unabridged ed. 1981) (pledge or payment by an employer for labor or services often including bonuses, commissions, and amounts paid by the employer for insurance, pension, hospitalization and other benefits). Cf., s.448.07(1)(c), Fla. Stat., which defines "Wages" for purposes of wage discrimination to mean and include "all compensation paid by an employer or his or her agent for the performance of service by an employee, including the cash value of all compensation paid in any medium other than cash;" and s. 443.1217(1), Fla. Stat., which defines "wages" for purposes of unemployment compensation to "include all remuneration for employment, including commissions, bonuses, back pay awards, and the cash value of all remuneration paid in any medium other than cash. . . ."
[5] See Ops. Att'y Gen. Fla. 04-17 (2004) (compensation is commonly understood to mean payment or remuneration and generally includes benefits, such as medical insurance, provided to an officer and employee); 93-14 (1993).
[6] 114 So. 2d 187 (Fla. 1st DCA 1959), cert. denied, 116 So. 2d 775
(Fla. 1959); appeal dismissed, 117 So. 2d 844 (Fla. 1960).
[7] Id., at 189.
[8] See Art. VIII, s. 2(b), Fla. Const., and Ch. 166, Fla. Stat., specifically s. 166.021(1), Fla. Stat., providing that "municipalities shall have the governmental, corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions, and render municipal services, and may exercise any power for municipal purposes, except when expressly prohibited by law."
[9] See Ops. Att'y Gen. Fla. 91-37 (1991) and 93-14 (1993).